20750. SOUTHERN RAILWAY COMPANY *et al.* v. WATKINS.

STEPHENS, J. 1. In a suit to recover damages for personal injuries alleged to have been received by the plaintiff as a result of the falling of an overhead cable or conduit for electric wires which the defendants were negligently tearing away and removing, where it was contended by the plaintiff that the cable, before the defendants undertook to remove it, was suspended from a ceiling across a passageway and was secured by means of hemp cords and the support afforded by opposite walls through which the cable passed, and that the defendants, in removing the cable, were negligent in cutting it where it entered the walls, thus removing the support afforded by the walls, and that by reason of the insufficiency of the remaining supports, which the defendants knew, or in the exercise of ordinary care should have known, were old, weak and worn, and, by reason of the failure of the defendants to secure the cable against falling after the supports afforded by the walls had been removed, the cable fell upon the plaintiff, while he was in the passageway working where he had a right to be, with the knowledge of the defendants, and where, by reason of there being no fences or barricade between where he was working and the area under the cable, he had no warning of the danger of the cable's falling upon him, and where the defendants contended that they were not negligent in allowing the cable to fall by its own weight, as the defendants had fenced off an area under the falling cable by barricades sufficient to give warning of the dan-

ger of the cable's falling within this area, and that, despite the existence of the barricades and the warning of danger afforded thereby, which was known to the plaintiff, he stepped within the barricades and received the injury complained of, and where it appears from the evidence that prior to the falling of the cable which injured him the defendants had taken down another cable in a similar manner and allowed it to fall by breaking loose from its supports in the ceiling after the wall supports were cut, and where it also appears from the evidence that the defendants were familiar with the nature of the plaintiff's duties while working in the passageway, and that his duties required him to operate certain hand-trucks which were located in the passageway, and that the defendants had, before undertaking to remove the cables, removed some of the trucks which were located under the cables, the court, in charging one of the plaintiff's contentions, did not err, upon the ground that it was not adjusted to the evidence, where the court stated in the charge that it was contended that the defendants were negligent in cutting the main supports of the cable when it was known that these supports were old, weak, worn, and insufficient; and also it was not error to admit testimony that it was customary to park the trucks in the passageway, over the objection that the testimony was irrelevant and immaterial unless the defendants had notice of this custom or that the trucks were parked in the passageway when the defendants constructed the barricade referred to.

2. Where, after the court had charged the jury, as respects the enclosure of the area under the cable while the cable was being removed, that the only duty in this respect resting upon the defendants was so to enclose the area under the cable as to put a prudent man on notice that the area was enclosed, and that if there was such an enclosure there could be no recovery for the plaintiff if he was injured while within the enclosure, the court further charged that there can be no recovery if the plaintiff at the time of his injury was inside such a "complete enclosure as I have defined," the charge was not subject to the objection that it stated that it was necessary for the enclosure to be a "complete enclosure" before it would be sufficient to put a prudent person on notice that the area under the cable had been enclosed, or that the particular enclosure which the defendants contended had been erected was sufficint to afford such notice, where the court immediately preceding this excerpt from the charge had already charged that "any kind of complete enclosure, if sufficient to give notice to a prudent person that it was intended as an enclosure or barricade, however erected or with whatever kind of materials erected, would be sufficient."

3. Where the court had admitted the testimony of several witnesses for the defendants that the plaintiff when injured appeared to be handling the end of a cable which had already fallen, it was not prejudicial to the defendants for the court to exclude the testimony of another witness, upon the ground that it constituted a conclusion and was inadmissible, to the effect that the plaintiff "looked like he was picking at the end of the cable which had been already taken down," and "it looked like he was picking at it with a pocket-knife."

774

4. The evidence authorized the verdict for the plaintiff and no error appears.

Judgment affirmed. *Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 18, 1931.

*McDaniel, Neely & Marshall,* for plaintiff in error.
*E. M. Hiscock, Hewlett & Dennis,* contra.